[No. 9971.   In Bank. — February 27, 1886.]

## DUDLEY HOYT, Respondent, *v.* NEVADA COUNTY NARROW GAUGE RAILROAD COMPANY, Appellant.

Warehouseman — Liability of — Negligence — Railroad — Pleading — Common Carrier. — In an action against a railroad company to recover for a loss of goods through the negligence of the defendant as a warehouseman, a judgment in favor of the plaintiff, if supported by the evidence, will not be reversed merely because the complaint alleged that the defendant was liable as a common carrier.

Appeal from a judgment of the Superior Court of Nevada County, and from an order refusing a new trial.

The action was brought to recover damages from the defendant for the loss of certain household furniture through its negligence.   The complaint alleged in effect that the defendant, as a common carrier, received the furniture, carried it to the place of destination, and negligently stored it in an open barn, where it was destroyed by fire.   The further facts are stated in the opinion of the court.

*Searls & Searls,* and *A. B. Dibble,* for Appellant.

*Cross & Simonds,* for Respondent

The Court. — The complaint herein does not entirely fail to aver such negligence or want of ordinary care as would make the defendant liable in its capacity of warehouseman.   It contains an averment of negligence of the

defendant in storing the goods,—an averment not necessary to an action for failure to perform a carrying contract. The defendant, after alleging that it had possession of the property as warehouseman, averred due care, etc. Here was a direct issue as to whether the goods were destroyed by reason of the neglect of defendant in storing them, and upon that issue the jury found in favor of plaintiff.

No objection was made by defendant at the trial below to evidence tending to show negligence as averred, and the charge of the court was apparently given on the theory that the liability of defendant as warehouseman was the question before the jury. There was no error in the instructions of the court, except in particulars too favorable to the defendant, nor was there any error in refusing the instructions requested by defendant.

Under these circumstances, we would not be justified in reversing the judgment and order merely because the complaint avers defendant is liable in the capacity of "common carrier."

Judgment and order affirmed.

MYRICK, J., dissented.